# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2046

UNITED STATES,

Appellee,

v.

JOSE OTERO,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

**JUDGMENT**
**Entered: July 9, 2007**

　　After careful review, we grant the government's motion for summary disposition and affirm the judgment below.

　　Relying on United States v. Parra-Ibanez, 936 F.2d 588 (1st Cir. 1991), the appellant argues that when a district court knows that a defendant has recently taken psychotropic drugs and has undergone treatment, a fortiori the court must broaden its Rule 11 inquiry to assess the impact of the drugs by determining their doses and potential effects. Our subsequent decisions establish, however, that psychotropic drugs and prior treatment alone do not automatically mandate extensive inquiry into a defendant's drug regime. Although district courts must investigate the effects of psychotropic medications, the depth of the requisite investigation depends on the extent of the apparent disorder. United States v. Savinon-Acosta, 232 F.3d 265 (1st Cir. 2000); United States v. Morrisette, 429 F.3d 318 (1st Cir. 2005); Cody v. United States 249 F.3d 47 (1st Cir. 2001). Under the reasoning of these latter cases, the district court engaged in an adequate inquiry by determining the purpose of the appellant's medications and obtaining his and counsel's agreement that he was competent, as well as his repeated

assurances that he understood the crucial issues. The appellant fails to show plain error. United States v. Delgado-Hernandez, 420 F.3d 16 (1st Cir. 2005).

Affirmed. 1st Cir. Loc. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

George [signature]

Deputy Clerk

Date: 7/30/07

By: MARGARET CARTER

Chief Deputy Clerk.

[cc: Paul G. Casey, AUSA, Dina Michael Chaitowitz, AUSA, Charles K. Stephenson, Esq., Jose Otero]