UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA         )
                                 )
        V.                       ) CR. No. 04-40030-FDS
                                 )
JOSE OTERO                       )


### JOINT STATUS REPORT AND SENTENCING RECOMMENDATION

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul G. Casey, and the defendant Jose Otero, by his attorney, Michael F. Natola, Esq., submit this joint status report regarding the defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2).

**A.   Procedural Background**

On November 10, 2005, the defendant pleaded guilty to an Indictment charging him with one count of Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).  The defendant qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines.  See PSR ¶¶ 23-24, 45.  Accordingly, his Guidelines sentencing range was 262 to 327 months.

On June 29, 2006, this Court conducted a sentencing hearing, determined that the defendant was a career offender, and sentenced him to 262 months of imprisonment. [D. 41, 49].  The defendant is currently serving his term of imprisonment at FMC Devens.  According to the Bureau of Prisons ("BOP") website, his

projected release date is October 15, 2023.

On or about February 7, 2008, the defendant moved to modify his sentence pursuant to 18 U.S.C. §3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine. On or about March 10, 2008, Mr. Natola was assigned to represent the defendant in this motion.

### B. Eligibility for Reduction of Sentence Under 18 U.S.C. § 3582

Undersigned counsel for the government and the defendant have conferred regarding the defendant's motion to modify and make the following representations to the Court:

1. The government submits that the defendant is not eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. The PSR and the transcript of the sentencing hearing establish that the defendant's sentence did not rest on the crack cocaine Guideline, U.S.S.G. § 2D1.1, which has been amended. Rather, the sentence was based upon U.S.S.G. § 4B1.1, the career offender Guideline. See PSR ¶¶ 23-24, 45; Sentencing Transcript, June 29, 2006 [D. 49]. See also Judgment [D. 41]. As a career offender, the defendant's Base Offense Level was determined in accordance with the statutory maximum for his offenses. Accordingly, the defendant's Base Offense Level (34 with acceptance of responsibility), his Criminal History Category (VI) and thus his Guidelines sentencing range (262-327 months) remain the same despite Amendment 706.

2. Courts have consistently denied motions for

modification of sentence on the basis of Amendment 706 where, as here, the sentence was based on the career offender Guideline. See, e.g., United States v. McDougherty, 2008 WL 752597 (C.D. Cal. March 18, 2008); United States v. Rivera, 2008 WL 576764 (E.D. Pa. March 3, 2008); United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

    3.    Accordingly, the government submits that defendant is not eligible for a modification of sentence pursuant to 18 U.S.C. § 3582 (c)(2) and U.S.S.G. § 1B1.10. The government further submits that no hearing is necessary in this matter.

    4.    The defendant asserts that he is entitled to relief under Amendment 706, and anticipates filing a memorandum in support of this position within thirty days.

Respectfully submitted,

/s/ Michael F. Natola, Esq.    By:  /s/ Paul G. Casey
Michael F. Natola, Esq.            Paul G. Casey
Counsel for Defendant             Assistant U.S. Attorney

April 15, 2008

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                  /s/ Paul G. Casey
                                  Paul G. Casey
                                  Assistant U.S. Attorney