UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 04 CR 40030 FDS |
| | ) | |
| | ) | |
| **JOSE OTERO** | ) | |

## MOTION FOR REDUCTION OF SENTENCE

The defendant, Jose Otero, respectfully moves the Court to reduce his sentence, pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G. §1B1.10, due to the recent amendment to the crack cocaine sentencing guideline.

### I.   BACKGROUND

On December 15, 2004, Otero was charged in a two-count indictment with possession of five or more grams of cocaine base with intent to distribute. The indictment also contained a forfeiture allegation and a "Notice of Additional Factors" alleging that the offense involved at least 35 grams of cocaine base, and identifying Otero as a career offender.

On November 10, 2005, Otero appeared before the Court and entered a plea to the one-count indictment.

At the defendant's sentencing on June 29, 2006, the Court adopted the presentence investigation report which found that Otero was a career offender with a total offense level of 34 and a criminal history category of VI, and the Court calculated his guideline sentencing range as 262 to 327 months. The Court then sentenced him to 262 months.

1

Otero is currently incarcerated at the Federal Medical Center at Fort Devens, Massachusetts. According to the Bureau of Prisons website, his projected release date is October 15, 2023.

Effective November 1, 2007, the Sentencing Guidelines Commission amended the guidelines for crack cocaine, reducing by two points the Offense Level for crack cocaine offenses. Otero now moves to reduce his sentence in light of these retroactive changes to the guidelines sentencing range governing his crack cocaine offenses.

## II.    ARGUMENT

### A.    Otero Is Eligible for A New Sentence Under the Revised Guidelines Governing Crack Offenses

Otero is eligible for a new sentence pursuant to Section 3582(c)(2) of Title 18 of the United States Code. Section 3582(c) provides the Court with the authority to reduce a defendant's sentence where a sentencing range has been subsequently lowered by the Sentencing Commission.[1] Section §1B1.10(c) of the guidelines provides that certain amendments to the guidelines may be applied retroactively, including Amendment 706, which reduced by two levels the offense level applicable to Otero's crack cocaine offense. *U.S.S.G. §1B1.10*

Section 3582(c) explicitly provides that a defendant is eligible for a new sentence if the original sentence was "based on" a sentencing range that has subsequently been lowered. That is

---

[1] Section 3582(c)(2) of Title 18 of the United States Code provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section §3553 to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

precisely the situation here.  At the time of Otero's sentencing, the guidelines indicated that the his base offense level was 30, based on the Court's finding that he was responsible for 42.97 grams of cocaine base.  Pursuant to Amendment 706, the revised guidelines now provide that the same quantity of cocaine base corresponds to a base offense level of 28.

The fact that Otero was sentenced as a career offender, with a base offense level of 32, does not preclude him from seeking a new sentence under §3582(c)(2).[2]  Irrespective of whether Otero was ultimately sentenced under Section 4B1.1, his sentence was indisputably "based on" a guideline sentencing range that was two levels higher than the range in the current guidelines.[3]

Moreover, pursuant to 18 U.S.C. §3582(c)(2), sentencing courts are explicitly required to consider all applicable §3553(a) factors.  Under §3553(a), the sentencing court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing.  Thus, the difference between the amended crack guideline sentencing range and Otero's original guideline sentencing range is entirely relevant to this Court's determination of whether his sentence was "greater than necessary" to satisfy the purposes of punishment in his case.[4]  Indeed,

---

[2] To the extent any policy statement in §1B1.10 purports to limits this Court's authority to resentence the defendant and consider §3553 factors, this perceived limitation is at most advisory.
[3] *See also, United States v. Marshall*, 2008 U.S. App. LEXIS 153, *22  (7th Cir. Jan. 4, 2008) (acknowledging that defendant who was sentenced as a career offender "may be eligible to petition for resentencing" under §3582(c)(2) in light of the retroactive crack amendment.)
[4] *See Gall v. United States*, 128 S Ct. 586, 591 (2007) ("the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant to a sentencing decision.); *United States v. Pruitt*, 502 F.3d 1154, 1168 (10th Cir. 2007) (McConnell, J. concurring) ("this might appear to be an admission by the Commission that this [career offender ] guideline, at least as applied to low-level drug sellers like [the defendant], violates the overarching command of §3553(a) that "the court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in §3553(a)(2).")*United States v. MacKinnon*, 401 F.3d 8,9 (1st. Cir. 2005) (reversing for resentencing after *Booker* where the defendant convicted of crack cocaine offense was sentenced pre-Booker to the guideline minimum of 262 months under the career offender guideline (up from what would have been a sentence of 188 months under the "regular guideline range") where the sentencing judge described the career offender sentence as "unjust, excessive, and obscene.").

where, as here, if the differential between the new and otherwise applicable offense level and the original offense level may result in a lower sentence, then Otero "has been sentenced to a term of imprisonment that has subsequently been lowered." 18 U.S.C. 3852(c)(2).

### III.  REQUESTED RELIEF

Otero respectfully submits that the Court should resentence him in light of the crack cocaine amendment, and impose a sentence on the crack cocaine offense within the newly revised guideline range of 110-137 months, based on a total offense level of 25 (base offense level of 28 minus 3 points for acceptance of responsibility) and a criminal history of VI.  Otero requests that the Court impose a sentence of 110 months.

        Jose Otero
        By his attorney,

        /s/Michael F. Natola

September 3, 2008        MICHAEL F. NATOLA
        BBO No.  367580
        63 Atlantic Avenue
        Boston, Massachusetts  02110
        Tel.  (617) 367-1199
        Fax   (617) 227-3384
        E-mail  MFNatola@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served the above date electronically upon Assistant U.S. Attorney Paul G. Casey.

        /s/  Michael F. Natola