UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES of AMERICA** ) | |
| ) | |
| v.  ) | **Criminal No.** |
| ) | **04-40030-FDS** |
| **JOSE OTERO,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Jose Otero pleaded guilty on November 10, 2005, to one count of possession of cocaine base with intent to distribute. He was sentenced to a term of imprisonment of 262 months with a eight-year term of supervised release. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine.

**I.   Background**

On November 10, 2005, defendant pleaded guilty to an indictment charging him with one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Accordingly, his Guideline sentencing range was 262 to 327 months.

On June 29, 2006, this Court conducted a sentencing hearing, determined that the defendant was a career offender, and sentenced him to 262 months of imprisonment.

On February 7, 2008, defendant moved to modify his sentence pursuant to 18 U.S.C.

§3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine.

## II.     Analysis

Defendant is not eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  Defendant's sentence was not based on the crack cocaine guideline, U.S.S.G. § 2D1.1, which has been amended.  Rather, the sentence was based upon U.S.S.G. § 4B1.1, the career offender guideline.  As a career offender, the defendant's Base Offense Level was determined in accordance with the statutory maximum for his offenses.  Accordingly, the defendant's Base Offense Level (34 with acceptance of responsibility), his Criminal History Category (VI) and thus his Guidelines sentencing range (262-327 months) remain the same.  *See United States v. Caraballo*, 552 F.3d 6 (1st Cir. 2008); *United States v. Ayala-Pizarro*, 551 F.3d 84 (1st Cir. 2008).

## III.    Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

> /s/ F. Dennis Saylor
> F. Dennis Saylor IV
> United States District Judge

Dated:  July 16, 2009